IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13CR329-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| DANIEL HAROLD WILLIFORD | ) | |

THIS MATTER is before the Court on the Government's written Motion for Order of Forfeiture (Doc. 28), oral Motion for forfeiture at sentencing, and the record, sentencing materials, and arguments in this case. The Government requests a $17,915,013.35 forfeiture money judgment representing the proceeds of the securities fraud scheme to which Defendant pled guilty. The Court finds that the preponderance of the evidence supports the Government's requests. Therefore, the Court GRANTS the Motion.

In support of this Order granting the Motion, THE COURT FINDS AS FOLLOWS:

The Indictment (Doc. 1) against Defendant charges him with, amongst other offenses, a securities fraud scheme. The Indictment includes a Notice of Forfeiture of a $44,000,000 forfeiture proceeds money judgment. The Factual Basis (Doc. 18) also indicates $44,000,000 in total investments, along with a reasonably foreseeable loss of in excess of $2,500,000 but less than $20,000,000. Defendant pled guilty pursuant to a Plea Agreement (Doc. 15) to securities fraud and the Plea Agreement contains provisions for cooperation on forfeiture.

Title 18, United States Code, Section 981(a)(1)(C) provides that the following property is subject to forfeiture to the United States in a civil forfeiture case: "[a]ny property, real or personal,

1

which constitutes or is derived from proceeds traceable to . . . any offense constituting specified unlawful activity (as defined in section 1956(c)(7) of this title) . . . ." Title 28, United States Code, Section 2461(C) renders the provisions of Section 981 applicable in criminal cases. In pertinent part, Title 18, United States Code, Section 1956(c)(7) defines "specified unlawful activity" as "any act or activity constituting an offense listed in section 1961(1) . . . ." Title 18, United States Code, Section 1961(1)(D) lists securities fraud as a specified unlawful activity. Therefore, any property which constitutes or is derived from proceeds traceable to securities fraud is subject to criminal forfeiture.

In regard to forfeiture procedure, Fed. R. Crim. P. 32.2(b)(1)(A) provides that, "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." *See also United States v. Oregon*, 671 F.3d 484, 487-88 (4th Cir. 2012) (generally discussing Rule 32.2 and forfeiture process in opinion on forfeiture ancillary proceedings). In addition, Rule 32.2(b)(2)(B) provides that, [t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable . . . ." The burden of proof on a motion for an order of forfeiture is preponderance of the evidence. *See United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *see also United States v. Farkas*, 2011 WL 5101752, at *2 (E.D. Va. Oct. 26, 2011) (citing preponderance burden on motion for both money judgment and preliminary order of forfeiture on substitute property).

In this case, issuance of a $17,915,013.35 forfeiture money judgment for the proceeds of the securities fraud scheme is appropriate. The requested money judgment is supported by Section 981(a)(1)(C) and Rule 32.2, and the materials—the Indictment, Factual Basis, and

2

sentencing materials—currently on the record. Further, at sentencing of this matter the Court issued a restitution order for restitution losses of $17,915,013.35. Since, under the facts of this case, the $17,915,013.35 in net losses are equivalent to the net forfeiture proceeds, this evidence also supports the requested forfeiture money judgment by a preponderance of the evidence. Defendant did not oppose the request for a forfeiture money judgment at sentencing.

IT IS THEREFORE ORDERED that, based upon 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c), this Order shall constitute a money judgment for the following property: a $17,915,013.35 forfeiture money judgment for the proceeds of the securities fraud scheme to which Defendant pled guilty.

Signed: November 13, 2015

Max O. Cogburn Jr
United States District Judge